1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STEVE MEJICO,

11             Petitioner,              No. CIV S-10-3141 JAM DAD P

12        vs.

13   M. MARTEL, et al.,

14             Respondent.          FINDINGS AND RECOMMENDATIONS

15   _____/

16             Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254, challenging the June 17, 2009 decision of the California

18   Board of Parole Hearings ("Board") to deny him parole.  On March 4, 2011, respondent filed the

19   pending motion to dismiss, arguing that petitioner's federal habeas petition fails to state a

20   cognizable claim.  Petitioner has filed an opposition to the motion.

21                          **BACKGROUND**

22             On June 17, 2009, the Board conducted a parole hearing and found petitioner

23   unsuitable for release on parole.  The Board's decision became final on October 15, 2009.  In his

24   petition, petitioner asserts only one claim: the Board's 2009 decision finding him unsuitable for

25   parole is not supported by some evidence that he remains a danger to society.  (Pet. at 4 &

26   Attach. A.)

                                      1

**ANALYSIS**

I. Scope of Review Applicable to Due Process Challenges to the Denial of Parole

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209, 221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.").  In California, a prisoner is entitled to release

1  on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence,

2  44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

3  　　　　　In Swarthout, the Supreme Court reviewed two cases in which California

4  prisoners were denied parole - in one case by the Board, and in the other by the Governor after

5  the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that

6  when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment

7  requires fair procedures, "and federal courts will review the application of those constitutionally

8  required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the

9  procedures required are minimal" and that the "Constitution does not require more" than "an

10  opportunity to be heard" and being "provided a statement of the reasons why parole was denied."

11  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

12  decisions that went beyond these minimal procedural requirements and "reviewed the state

13  courts' decisions on the merits and concluded that they had unreasonably determined the facts in

14  light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected

15  the application of the "some evidence" standard to parole decisions by the California courts as a

16  component of the federal due process standard.  Id. at 862-63.[1]  See also Pearson, 639 F.3d at

17  1191.

18  II.  Petitioner's Sole Claim for Relief

19  　　　　　Petitioner seeks federal habeas relief solely on the grounds that the Board's 2009

20  decision to deny him parole, and the findings upon which that denial was based, were not

21  supported by "some evidence" as required under California law.  However, under the Supreme

22

23  　　　[1]   In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
years the Ninth Circuit had consistently held that in order to comport with due process a state
24  parole board's decision to deny parole had to be supported by "some evidence," as defined in
Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
25  Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d
895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole
26  rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .").

1   Court's decision in <u>Swarthout</u> this court may not review whether California's "some evidence"

2   standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; <u>see also</u> <u>Miller v.</u>

3   <u>Oregon Bd. of Parole and Post-Prison Supervision</u>, 642 F.3d 711, 716 (9th Cir. 2011) ("The

4   Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility decisions the

5   due process right is *procedural*, and entitles a prisoner to nothing more than a fair hearing and a

6   statement of reasons for a parole board's decision[.]"); <u>Roberts v. Hartley</u>, 640 F.3d 1042, 1046

7   (9th Cir. 2011) (under the decision in <u>Swarthout</u>, California's parole scheme creates no

8   substantive due process rights and any procedural due process requirement is met as long as the

9   state provides an inmate seeking parole with an opportunity to be heard and a statement of the

10  reasons why parole was denied); <u>Pearson</u>, 639 F.3d at 1191 ("While the Court did not define the

11  minimum process required by the Due Process Clause for denial parole under the California

12  system, it made clear that the Clause's requirements were satisfied where the inmates 'were

13  allowed to speak at their parole hearings and to contest the evidence against them, were afforded

14  access to their records in advance, and were notified as to the reasons why parole was denied.'").

15          The federal habeas petition pending before the court in this case reflects that

16  petitioner was represented by counsel at his 2009 parole suitability hearing.  The record also

17  establishes that at that hearing petitioner was given the opportunity to be heard and received a

18  statement of the reasons why parole was denied by the Board panel.  (Pet. Attach. A.)  That is all

19  the process that was due petitioner under the U.S. Constitution.  <u>Swarthout</u>, 131 S. Ct. 862; <u>see</u>

20  <u>also</u> <u>Miller</u>, 642 F.3d at 716; <u>Roberts</u>, 640 F.3d at 1046; <u>Pearson</u>, 639 F.3d at 1191.  Accordingly,

21  the pending petition should be dismissed because it plainly appears from the face of the petition

22  and the exhibits annexed thereto that petitioner is not entitled to federal habeas relief with respect

23  to his due process claim.

24  /////

25  /////

26  /////

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Respondent's March 4, 2011 motion to dismiss (Doc. No. 11) be granted; and

2.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc)  (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the Board), overruled in part by Swarthout, 131 S. Ct. 859 (2011).

DATED: August 4, 2011.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
meji3141.157